## Case No. 6,840.

### HUGH v. McRAE et al.

[Chase, 466.] [1]

Circuit Court, D. South Carolina. June Term, 1869.

INSOLVENT CORPORATION — APPLICATION FOR AND APPOINTMENT OF A RECEIVER.

1. The fact that a corporation is insolvent, will not authorize it to apply to a court of equity for a receiver to wind up its affairs; and semble that this would also be the case with a private person.

2. A receiver will be appointed in a proper case at the instance of a creditor, but not at that of the insolvent debtor.

[Cited in Jones v. Bank of Leadville, 10 Colo. 464.]

The defendants, procured judgments in the state courts against the State Bank of South Carolina, and were proceeding to enforce them by execution and levy—whereupon the State Bank filed its bill in this court, stating that it was insolvent; that the defendants were about to procure an inequitable preference over its other creditors; by means of the executions which they were enforcing; praying for an injunction to prohibit them

from so doing; and asking that Messrs. Seabring and Lee be appointed receivers to call in the debts. and assets of the bank, and to pay out from time to time, under the decree of this court, the moneys collected, according to the respective claims of all the creditors. The defendants in their answers demurred to the bill for want of equity, and plead to the jurisdiction, besides answering further.

W. G. Dessassure, for complainant.

Brewster, Spratt, Burk and J. Phillips, for defendants.

CHASE, Circuit Justice. This is substantially a similar case to that of Southwestern R. Bank v. Parsons [Case No. 13,193], decided at the opening of this court, the only distinction being that, in the present case, the bank confesses insolvency, and in the other case there was no such confession. The court is not aware of any case which will warrant its assuming the administration of the estate of a debtor simply upon the ground of insolvency.

If such a case could be found the court will be called upon to administer every estate where the debtor found himself unable to administer it himself conveniently. A creditor in a proper case might come into a court of equity for the appointment of a receiver, but a debtor could not; this, therefore, is not such a case as calls for the interposition of the court, and the prayer of the bill can not be granted. It must be dismissed.

On motion of Mr. Spratt, the following order was entered: On hearing the bill and answers in this case, and the argument of counsel, it is ordered that the bill be dismissed.